# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1276 | **DATE** | 3/28/2011 |
| **CASE TITLE** | Kenneth E. Earls v. Tom L. Conner, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff, Kenneth E. Earl's, motion to remand [10] is granted. This case is remanded to the Circuit Court of Cook County, Illinois for further proceedings. Pursuant to 28 U.S.C. § 1447(c), plaintiff is awarded costs and fees he incurred in drafting the motion to remand. Plaintiff's counsel is ordered to meet and confer with defense counsel to attempt to agree on an appropriate fee award. If the parties cannot agree, they must follow the procedures outlined in Fed.R.Civ.P. 54 and Local Rule 54.3. All matters pending before this Court having been resolved, this civil case is terminated. It is so ordered.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

The forum defendant rule applies to this case and requires remand to the state court. *See Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009). Under 28 U.S.C. § 1441(b), a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 378 (7th Cir. 2000). Plaintiff originally filed this case in the Circuit Court of Cook County, Illinois. Defendants removed the case to this court, purportedly based on federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). Defendant Sysco Chicago, Inc. ("Sysco") is a citizen of Illinois for diversity purposes because its principal place of business is in Des Plaines, Illinois. *See* 28 U.S.C. § 1332(c)(1). Defendants' removal attempt was not proper because Defendant Sysco is a citizen of Illinois and this case was originally filed in an Illinois state court. Accordingly, plaintiff's motion to remand is granted.

In plaintiff's remand motion, he requests fees pursuant to 28 U.S.C. § 1447(c). The decision to award attorneys' fee incurred in filing a motion to remand is discretionary. *Wolf*, 574 F.3d at 410. Section 1447(c) provides for an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorneys' fees are available in cases where the removing party lacked an "objectively reasonable basis" for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Seventh Circuit has held that "qualified immunity jurisprudence provides appropriate guidance for determining whether a defendant has an objectively reasonable basis for removal." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). The general rule in this Circuit is:

> if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.

| STATEMENT |
|---|
| Id. at 793.  Because the well established forum defendant rule foreclosed removal to this court, plaintiff is entitled to attorneys' fees.  *See Wolf*, 574 F.3d at 411; *see also Orlando Residence, Ltd v. Nashville Lodging Co.*, Case No. 07 C 138, 2007 WL 805781 (E.D. Wis. Mar. 15, 2007).  Specifically, plaintiff is entitled to costs and fees incurred in drafting the motion to remand.  Plaintiff's counsel is ordered to meet and confer with defense counsel to attempt to agree on an appropriate fee award.  If the parties cannot agree, they must follow the procedures outlined in Fed.R.Civ.P. 54 and Local Rule 54.3. |